THE UNITED STATES DISTRICT COURT 
 DISTRICT OF UTAH 

TEODORO GONZALES, 
 MEMORANDUM DECISION 
 Plaintiff, & ORDER TO CURE 
 DEFICIENT COMPLAINT 
v. 
 Case No. 2:25-CV-199-DAK 
SHARON D'AMICO et al., 
 District Judge Dale A. Kimball 

 Defendants. 

 Plaintiff Teodoro Gonzales, acting pro se, brought this civil-rights action, see 42 U.S.C.S. 
§ 1983 (2025),1 proceeding in forma pauperis, 28 id. § 1915. (ECF Nos. 1, 4.) Having now 
screened the Complaint, (ECF No. 1), under its statutory review function, 28 U.S.C.S. § 1915A 
(2025),2 the Court orders Plaintiff to file an amended complaint curing deficiencies if he would 
like to further pursue claims. 

 1The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part: 
 Every person who, under color of any statute, ordinance, regulation, custom, or 
 usage, of any State or Territory . . ., subjects, or causes to be subjected, any 
 citizen of the United States or other person within the jurisdiction thereof to the 
 deprivation of any rights, privileges, or immunities secured by the Constitution 
 and laws, shall be liable to the party injured in an action at law, suit in equity, or 
 other proper proceeding for redress, except that in any action brought against a 
 judicial officer for an act or omission taken in such officer's judicial capacity, 
 injunctive relief shall not be granted unless a declaratory decree was violated or 
 declaratory relief was unavailable. 
42 U.S.C.S. § 1983 (2025). 

 2 The screening statute reads: 
 (a) Screening.—The court shall review . . . a complaint in a civil action in 
 which a prisoner seeks redress from a governmental entity or officer or 
 employee of a governmental entity. 
 (b) Grounds for dismissal.—On review, the court shall identify cognizable 
 claims or dismiss the complaint, or any portion of the complaint, if the 
 complaint— 
 A. COMPLAINT'S DEFICIENCIES 
 Complaint: 
 1. possibly inappropriately alleges civil-rights violations on the basis of denied 
grievances. See Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009). 

 2. possibly inappropriately alleges a constitutional right to a grievance process. See Boyd 
v. Werholtz, 443 F. App'x 331, 332 (10th Cir. 2011) (unpublished) ("[T]here is no independent 
constitutional right to state administrative grievance procedures. Nor does the state's voluntary 
provision of administrative grievance process create a liberty interest in that process."); Dixon v. 
Bishop, No. CV TDC-19-740, 2020 U.S. Dist. LEXIS 41678, at *20 (D. Md. Mar. 11, 2020) 
("[P]risons do not create a liberty interest protected by the Due Process Clause when they adopt 
administrative mechanisms for hearing and deciding inmate complaints[;] any failure to abide by 
the administrative remedy procedure or to process [grievances] in a certain way does not create a 
constitutional claim."). 

 3. does not adequately link each element of improper physical treatment to specific 
named defendant(s). (See below.) 

 4. does not detail how any specific defendant has violated Utah statute. 

 5. does not properly affirmatively link each individually named defendant to alleged 
civil-rights violation(s). (See below.) 

 6. possibly improperly alleges civil-rights violations on a respondeat superior theory. 
(See below.) 

 7. does not appear to recognize Defendants' alleged failures to follow promises, jail 
policy, state statutes and codes, or ethics rules do not necessarily equal federal constitutional 
violations. See, e.g., Williams v. Miller, 696 F. App'x 862, 870 (10th Cir. 2017) ("Merely 
showing that [defendants] may have violated prison policy is not enough [to show a 
constitutional violation]." (citations omitted)); Porro v. Barnes, 624 F.3d 1322, 1329 (10th Cir. 
2010) (stating plaintiff never sought "to explain how or why the violation of the . . . [prison] 
policy . . . necessarily demonstrates" his constitutional rights were breached and "[i]t is his 
burden to establish that the Constitution, not just a policy, is implicated" (emphasis in original)); 
Hostetler v. Green, 323 F. App'x 653, 657-58 (10th Cir. 2009) (unpublished) (noting defendant's 
mere violation of prison regulation does not equate to constitutional violation); Hovater v. 

 (1) is frivolous, malicious, or fails to state a claim upon which 
 relief may be granted; or 
 (2) seeks monetary relief from a defendant who is immune from 
 such relief. 
28 U.S.C.S. § 1915A (2025). 
Robinson, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) ("[A] failure to adhere to administrative 
regulations does not equate to a constitutional violation."). 

 8. does not adequately link each element of a failure-to-protect claim to specific named 
defendant(s). (See below.) 

 9. does not concisely link each element of a claim of excessive force to separate 
individually named defendant(s). (See below.) 

 10. does not adequately link each element of a due-process claim to specific named 
defendant(s). See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985) ("An essential 
principle of due process is that a deprivation of life, liberty, or property be preceded by notice 
and opportunity for hearing appropriate to the nature of the case." (cleaned up)). 

 11. has claims apparently based on current confinement; however, the complaint appears 
to have not been submitted using legal help Plaintiff is constitutionally entitled to by his 
institution (i.e., the contract attorneys). See Lewis v. Casey, 518 U.S. 343, 356 (1996) (requiring 
prisoners be given "'adequate law libraries or adequate assistance from persons trained in the 
law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous 
legal claims challenging their convictions or conditions of confinement") (quoting Bounds v. 
Smith, 430 U.S. 817, 828 (1977) (emphasis added)). 

 B. GUIDANCE FOR PLAINTIFF 
 Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a 
short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain 
statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the 
relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of 
what the claims against them are and the grounds upon which they rest." TV Commc'ns Network, 
Inc. v ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991). 
 Pro se litigants are not excused from meeting these minimal pleading demands. "This is 
so because a pro se plaintiff requires no special legal training to recount the facts surrounding his 
alleged injury, and he must provide such facts if the court is to determine whether he makes out a 
claim on which relief can be granted." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). 
Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." Id. 
Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that 
assumes facts that have not been pleaded." Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989). 
 Plaintiff should consider these points before filing an amended complaint: 
 1. The revised complaint must stand entirely on its own and shall not refer to, or 
incorporate by reference, any part of the original complaint. See Murray v. Archambo, 132 F.3d 
609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). Also, an amended 
complaint may not be added to after filing without moving for amendment. Fed. R. Civ. P. 15. 
 2. Each defendant must be named in the complaint's caption, listed in the section of the 
complaint setting forth names of each defendant, and affirmatively linked to applicable claims 

within the "cause of action" section of the complaint. 
 3. The complaint must clearly state what each individual defendant--typically, a named 
government employee--did to violate Plaintiff's civil rights. See Bennett v. Passic, 545 F.2d 
1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is 
essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly 
who is alleged to have done what to whom.'" Stone v. Albert, 338 F. App'x 757, 759 (10th Cir. 
2009) (unpublished) (emphasis in original) (quoting Robbins v. Oklahoma, 519 F.3d 1242, 1250 
(10th Cir. 2008)). Plaintiff should also include, as much as possible, specific dates or at least 
estimates of when alleged constitutional violations occurred. 
 4. Each cause of action, together with the facts and citations that directly support it, 

should be stated separately. Plaintiff should be as brief as possible while still using enough words 
to fully explain the "who," "what," "where," "when," and "why" of each claim. Robbins, 519 
F.3d at 1248 ("The [Bell Atlantic Corp. v.] Twombly Court was particularly critical of complaints 
that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 
565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiff's 
conclusory allegations . . . would have little idea where to begin.' Id."). 
 5. Plaintiff may not name an individual as a § 1983 defendant based solely on supervisory 
position. See Mitchell v. Maynard, 80 F.2d 1433, 1441 (10th Cir. 1996). 
 6. Grievance denial alone, unconnected to "violation of constitutional rights alleged by 
plaintiff, does not establish personal participation under § 1983." Gallagher v. Shelton, 587 F.3d 
1063, 1069 (10th Cir. 2009). 
 7. "No action shall be brought with respect to prison conditions under . . . Federal law, by 

a prisoner confined in any jail, prison, or other correctional facility until such administrative 
remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2025). However, Plaintiff need 
not include grievance details in the complaint. Exhaustion of administrative remedies is an 
affirmative defense that must be raised by defendants. Jones v. Bock, 549 U.S. 199, 216 (2007). 
 8. Inadequate physical treatment. These are the standards governing such claims: 
 Prison officials must ensure that inmates receive adequate food, 
 clothing, shelter, and medical care. Farmer v. Brennan, 511 U.S. 
 825, 832 (1994). An inmate raising an Eighth Amendment 
 conditions-of-confinement claim must prove both an objective and 
 subjective component associated with the deficiency. Id. at 
 834. The objective component requires conditions sufficiently 
 serious so as to (1) deprive an inmate "of the minimal civilized 
 measure of life's necessities" or (2) subject an inmate to "a 
 substantial risk of serious harm." Shannon v. Graves, 257 F.3d 
 1164, 1168 (10th Cir. 2001) (quotation omitted). "The subjective 
 component requires that a defendant prison official have a culpable 
 state of mind, that he or she acts or fails to act with deliberate 
 indifference to inmate health and safety." Id. To prove deliberate 
 indifference, a prisoner must adduce sufficient facts to show the 
 defendant knew of and disregarded "an excessive risk to inmate 
 health or safety." Farmer, 511 U.S. at 837. Under this standard, 
 "the official must both be aware of the facts from which the 
 inference could be drawn that a substantial risk of serious harm 
 exists, and he must also draw the inference." Id. This high standard 
 for imposing personal liability on prison officials (i.e., the same 
 standard of subjective recklessness used in the criminal law) is 
 necessary to ensure that only those prison officials that inflict 
 punishment are liable for violating the dictates of the Eighth 
 Amendment. Id. at 835-45; see also Self v. Crum, 439 F.3d 1227, 
 1232 (10th Cir. 2006) (holding that Farmer's "subjective 
 component is not satisfied[] absent an extraordinary degree of 
 neglect"); Giron v. Corr. Corp. of Am., 191 F.3d 1281, 1286 (10th 
 Cir. 1999) (recognizing that Farmer's deliberate indifference 
 standard sets out a "stringent standard of fault"). 

Brooks v. Colo. Dep't of Corr., 12 F.4th 1160, 1173 (10th Cir. 2021). 
 9. Affirmative Link. 
 [A] plaintiff who brings a constitutional claim under § 1983 can't 
 obtain relief without first satisfying the personal-participation 
 requirement. That is, the plaintiff must demonstrate the defendant 
 "personally participated in the alleged constitutional violation" at 
 issue. Vasquez v. Davis, 882 F.3d 1270, 1275 (10th Cir. 2018). 
 Indeed, because § 1983 is a "vehicle[] for imposing personal 
 liability on government officials, we have stressed the need for 
 careful attention to particulars, especially in lawsuits involving 
 multiple defendants." Pahls v. Thomas, 718 F.3d 1210, 1225 (10th 
 Cir. 2013); see also Robbins v. Oklahoma, 519 F.3d 1242, 1250 
 (10th Cir. 2008) (explaining that when plaintiff brings § 
 1983 claims against multiple defendants, "it is particularly 
 important . . . that the complaint make clear exactly who is alleged 
 to have done what to whom"); Tonkovich v. Kan. Bd. of Regents, 
 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district court's 
 analysis of plaintiff's § 1983 claims was "infirm" where district 
 court "lump[ed]" together plaintiff's claims against multiple 
 defendants--"despite the fact that each of the defendants had 
 different powers and duties and took different actions with respect 
 to [plaintiff]"--and "wholly failed to identify specific actions taken 
 by particular defendants that could form the basis of [a 
 constitutional] claim"). 

Estate of Roemer v. Johnson, 764 F. App’x 784, 790-91 (10th Cir. 2019). 
 “A plaintiff’s failure to satisfy this requirement will trigger swift and certain dismissal.” 
Id. at 790 n.5. Indeed, the Tenth Circuit has “gone so far as to suggest that failure to satisfy the 
personal-participation requirement will not only justify dismissal for failure to state a claim; it 
will render the plaintiff’s claim frivolous.” Id. 
 10. Respondeat superior. The Supreme Court holds that, in asserting a § 1983 claim 
against a government agent in an individual capacity, "a plaintiff must plead that each 
Government-official defendant, through the official's own individual actions, has violated the 
Constitution." Ashcroft v. Iqbal, 556 U.S. 662 676 (2009). Consequently, there is no respondeat 
superior liability under § 1983. See id. ("Because vicarious liability is inapplicable to Bivens 
and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the 

official's own individual actions, has violated the Constitution."); Bd. of Cnty. Comm'rs v. 
Brown, 520 U.S. 397, 403 (1997). Entities may not be held liable on the sole ground of an 
employer-employee relationship with a claimed tortfeasor. See Monell, 436 U.S. at 689. 
Supervisors are considered liable for their own unconstitutional or illegal policies only, and not 
for employees' tortious acts. See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998). 
 11. Failure to protect. Here are the standards governing this type of claim: 
 The Eighth Amendment imposes a duty on prison officials to 
 provide humane conditions of confinement, including "reasonable 
 measures to guarantee the safety of the inmates." Farmer v. 
 Brennan, 511 U.S. 825, 832 (1994) (quotations omitted). This 
 obligation includes a duty "to protect prisoners from violence at 
 the hands of other prisoners." Id. at 833 (quotations omitted). "To 
 prevail on a failure to protect claim, an inmate must show (1) that 
 the conditions of his incarceration present[ed] an objective 
 substantial risk of serious harm and (2) prison officials had 
 subjective knowledge of the risk of harm." Requena v. Roberts, 
 893 F.3d 1195, 1214 (10th Cir. 2018) (quotations omitted). To 
 satisfy the second prong, the inmate must show that the prison 
 official was deliberately indifferent to the inmate's health or safety. 
 Farmer, 511 U.S. at 834. A prison official will not be liable unless 
 he "knows of and disregards an excessive risk to inmate health or 
 safety; the official must both be aware of facts from which the 
 inference could be drawn that a substantial risk of serious harm 
 exists, and he must also draw the inference." Id. at 837. 

Pittman v. Kahn, No. 23-1153, 2024 U.S. App. LEXIS 3043, at *3-4 (10th Cir. Feb. 9, 2024) 
(unpublished). 
 12. Excessive Force. This is general information on an excessive-force cause of action: 
 "An excessive force claim involves two prongs: (1) an 
 objective prong that asks if the alleged wrongdoing was 
 objectively harmful enough to establish a constitutional violation, 
 and (2) a subjective prong under which the plaintiff must show that 
 the officials acted with a sufficiently culpable state of mind." 
 Redmond v. Crowther, 882 F.3d 927, 936 (10th Cir. 2018) 
 (brackets and internal quotation marks omitted). An official's state 
 of mind is sufficiently culpable "if he uses force maliciously and 
 sadistically for the very purpose of causing harm, rather than in a 
 good faith effort to maintain or restore discipline." Id. (internal 
 quotation marks omitted). 
 We have long recognized "that a prison guard, to maintain 
 control of inmates, must often make instantaneous, on-the-spot 
 decisions concerning the need to apply force without having to 
 second-guess himself." Sampley v. Ruettgers, 704 F.2d 491, 496 
 (10th Cir. 1983). So "when prison officials must act to preserve 
 internal order and discipline, we afford them wide-ranging 
 deference." Redmond, 882 F.3d at 938 (internal quotation marks 
 omitted). Although this deference does not protect "actions taken 
 in bad faith and for no legitimate purpose," it does prevent us from 
 substituting our "judgment for that of officials who have made a 
 considered choice." Id. (internal quotation marks omitted). 

Lehman v McKinnon, No. 20-1312, 2021 U.S. App. LEXIS 27250, at *5-6 (10th Cir. Sept. 10, 
2021) (unpublished). 
 C. MOTION FOR APPOINTED COUNSEL 
 Plaintiff also moves for "appointment of counsel." (ECF No. 3.) 
 "As a civil litigant, plaintiff has no Sixth Amendment right to counsel." Johnson v. 
Johnson, 466 F.3d 1213, 1217 (10th Cir. 2006). And the Court lacks authority to appoint 
counsel; still, federal statute authorizes the Court to ask counsel to agree to represent an indigent 
plaintiff free of charge.3 See 28 U.S.C.S. § 1915(e)(1) (2025) ("The Court may request an 
attorney to represent any person unable to afford counsel."); McCleland v. Raemisch, No. 20-
1390, 2021 U.S. App. LEXIS 29490, at *15 n.3 (10th Cir. Sept. 30, 2021) (unpublished) 
(explaining, when prisoner-plaintiffs "refer to appointing counsel," they "really refer to a request 
that an attorney take the case pro bono"). Plaintiff has the burden of convincing the Court that 
Plaintiff's claim has enough merit to warrant such a request of counsel. McCarthy v. Weinberg, 
753 F.2d 836, 838 (10th Cir. 1985). But "[i]t is not enough" for Plaintiff to argue that he needs 

help "in presenting his strongest possible case, as the same could be said in any case." Steffey v. 
Orman, 461 F.3d 1218, 1223 (10th Cir. 2006) (cleaned up). 

 3The Tenth Circuit has noted: 
 Each year, the district court receives hundreds of requests for legal 
 representation and only a small number of attorneys are available to accept these 
 requests. Accordingly, the district court must use discretion in deciding which 
 cases warrant a request for counsel. To do otherwise would deprive clearly 
 deserving litigants of an opportunity to obtain legal representation. The dilemma 
 is unfortunate for litigants [denied counsel]. But the dilemma [i]s not the district 
 court's fault; that dilemma [i]s the product of the court's lack of authority to 
 compel legal representation or to reimburse attorneys for their time. 
Rachel v. Troutt, 820 F.3d 390, 397 n.7 (10th Cir. 2016); see also Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 
U.S. 296, 298 (1989) (stating courts may not "require an unwilling attorney to represent an indigent litigant in a civil 
case"); Greene v. U.S. Postal Serv., 795 F. App'x 581, 583 (10th Cir. 2019) (unpublished) ("In most legal 
communities, only a limited number of attorneys are willing to take these cases. Thus, the district court [must] 
decide how to maximize the benefit from these local resources."); Gross v. GM LLC, 441 F. App'x 562, 567 (10th 
Cir. 2011) (unpublished) (observing courts rarely request counsel to represent parties in civil actions); Castner v. 
Colo. Springs Cablevision, 979 F.2d 1417, 1421 (10th Cir. 1992) (cautioning courts that indiscriminately appointing 
"volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from 
donating their time"). 
 Instead, in deciding whether to ask volunteer counsel to represent Plaintiff at no cost, this 
Court considers a variety of factors, like "the merits of the litigant's claims, the nature of the 
factual issues raised in the claims, the litigant's ability to present his claims, and the complexity 
of the legal issues raised by the claims." Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 
1995) (cleaned up); accord McCarthy, 753 F.2d at 838-39. Considering the above factors, the 
Court concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this 
case are not complex, and Plaintiff does not appear to be too incapacitated or unable to 
adequately function in pursuing this matter. Thus, the Court denies for now Plaintiff's motion for 
"appointed" counsel. (ECF No. 3.) 
 D. ORDER 

 IT IS HEREBY ORDERED as follows: 
 1. Plaintiff must within ninety days cure the Complaint's deficiencies noted above by 
filing a document entitled, "Amended Complaint," that does not refer to or include any other 
document. (ECF No. 1.) 
 2. The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form 
civil-rights complaint which Plaintiff must use to pursue an amended complaint. 
 3. If Plaintiff fails to timely cure the above deficiencies according to this Order's 
instructions, this action will be dismissed without further notice. 
 4. The amended complaint shall not include any claims outside the dates and allegations 
of transactions and events contained in the Complaint. (Id.) The Court will not address any such 

new claims or outside allegations, which will be dismissed. If Plaintiff wishes to raise other 
claims and allegations, Plaintiff may do so only in a new complaint in a new case. If an amended 
complaint is filed, the Court will screen each claim and defendant for dismissal or an order 
effecting service upon valid defendants who are affirmatively linked to valid claims. 
 5. Plaintiff must tell the Court of any address change and timely comply with Court 
orders. See D. Utah Civ. R. 83-1.6(b) ("An unrepresented party must immediately notify the 
Clerk's Office in writing of any name, mailing address, or email address changes."). Failure to do 
so may result in this action's dismissal for failure to prosecute. See Fed. R. Civ. P. 41(b) ("If the 
plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move 
to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a 
dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of 
jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication 

on the merits."). 
 6. Extensions of time are disfavored, though reasonable extensions may be granted. Any 
motion for time extension must be filed no later than fourteen days before the deadline to be 
extended. 
 7. No direct communication is to take place with any judge. All relevant information, 
letters, documents, and papers, labeled with case number, are to be directed to the court clerk. 
 8. Plaintiff must observe this District of Utah local rule: "A party proceeding without an 
attorney (unrepresented party or pro se party) is obligated to comply with: (1) the Federal Rules 
of Civil Procedure; (2) these Local Rules of Practice; (3) the Utah Standards of Professionalism 
and Civility; and (4) other laws and rules relevant to the action." DUCivR 83-1.6(a). 

 9. Plaintiff's motion for "appointed" counsel is DENIED. (ECF No. 3.) However, if--
after the case develops further--it appears that counsel may be needed or of specific help, the 
Court may ask an attorney to appear pro bono on Plaintiff's behalf. The Court will continually 
reevaluate the need for counsel; thus, no further motions for appointed counsel are needed. 
 DATED this 5th day of January, 2026. 
 BY THE COURT: 

 JUDGE DALE A. KIMBAL 
 United States District Court" 

 12